**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LISA MUSICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-0716-HE |
| | ) | |
| ARVEST BANK OPERATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Plaintiff Lisa Musick filed this action against defendant Arvest Bank Operations, Inc., ("Arvest") her former employer, alleging discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and retaliation and interference claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601-2654. Arvest has filed a partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6),[1] contending the court lacks subject matter jurisdiction over the plaintiff's ADA retaliation claim and the plaintiff has failed to plead facts warranting relief for discrimination under the ADA or interference under the FMLA. The court concludes the motion should be denied. The rationale for the court's decision follows.

Defendant contends the court lacks jurisdiction over the plaintiff's ADA retaliation claim because she failed to exhaust it before the Equal Employment Opportunity Committee ("EEOC"). She neither checked the retaliation box in her charge of discrimination nor, Arvest argues, mentioned retaliation when discussing the particulars of her claims in her

---

[1]*The defendant concedes the plaintiff has properly alleged a retaliation claim under the FMLA.*

EEOC charge. The plaintiff responds that her claim should not be barred by the EEOC investigator's failure to check the appropriate box. As charges are to be liberally construed and claims "like and related" to those contained in the EEOC charge may be pursued, she is entitled, the plaintiff asserts, to proceed with her ADA retaliation claim. Exhaustion of administrative remedies is a prerequisite to federal court jurisdiction over an ADA claim. MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). The exhaustion requirement is intended both to protect employers by giving them notice of the discrimination claims brought against them and to provide the EEOC with an opportunity to conciliate the claims. Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004). The question is whether the plaintiff's EEOC charge was sufficient to exhaust an ADA retaliation claim.

Discrimination charges filed with the EEOC are liberally construed to promote the remedial purpose of the ADA. *See* Mackenzie, 414 F.3d at 1274; Foster, 365 F.3d at 1195 (charges of age discrimination filed with the EEOC are liberally construed). "EEOC regulations explicitly state that 'a written charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to *describe the action or practices complained of.*'" Foster, 365 F.3d at 1195 (quoting 29 C.F.R. § 1601.12(b)). A plaintiff's claim is generally limited by the scope of the administrative investigation that can be reasonably be expected to follow the discrimination

charge submitted to the EEOC. Mackenzie, 414 F.3d at 1274.[2]

The plaintiff's failure to mark the box for retaliation, although not dispositive, creates a presumption that she did not include an ADA retaliation claim in her EEOC charge. This presumption can be rebutted by the text of the claim in the administrative charge. Gunnell v. Utah Valley State College, 152 F.3d 1253, 1260 (10th Cir. 1998). The plaintiff alleged in her EEOC charge:

> I was hired in November 1997. During my employment with the company, I was diagnosed with a disability in August 2004. On or about September 23, 2004, I completed paperwork for intermittent usage of the Family Medical Leave Act (FMLA). While approved for FMLA, I was discharged September 28, 2004. I met with my supervisor ... and was informed that I was being discharged because of performance issues. I believe I have been discriminated against because of my disability, my record of a disability and because my employer has regarded me as being disabled in violation of the Americans with Disabilities Act of 1990, as amended.

Defendant's motion to dismiss, Exhibit 1.[3]

---

[2] *As the Tenth Circuit noted in Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003), National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), "effected fundamental changes to the doctrine allowing administratively unexhausted claims in Title VII actions." Unexhausted claims involving discrete employment actions, even though like or reasonably related to the allegations of the administrative charge, are no longer viable. Id. at 1210-11. Accord Dunlap v. Kansas Dep't of Health and Env't, 127 Fed.Appx. 433, 438, 2005 WL 1606590 (10th Cir. April 1, 2005) (discussing circuit's "pre-Morgan case law which recognized a 'narrow exception' to the exhaustion requirement – permitting a claim for incidents not listed in the original administrative charge to be included in the lawsuit if the incidents are 'like or reasonably related to the allegations' of the administrative charge."). Dunlap is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).*

[3] *Pleadings outside the complaint may properly be reviewed when considering a Fed.R.Civ.P. 12(b)(1) motion challenging the facts upon which subject matter jurisdiction depends. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir.1995) ( "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion .") (Internal citations omitted).*

Here, while the question is close, the court concludes the narrative description in the EEOC charge, construed liberally, is sufficient to encompass a claim for retaliation within its scope. The temporal proximity of the pertinent acts, coupled with the fact that the same discrete act is alleged to constitute the acts of both discrimination and retaliation, gives rise to a permissible inference that the investigation of the charge would be broad enough to include the alleged acts of retaliation.

The defendant challenges the plaintiff's ADA discrimination claim and her FMLA interference, restraint or denial of rights ("interference") claim under Fed.R.Civ.P. 12(b)6). A dismissal is appropriate pursuant to Rule 12(b)(6) "'only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [her] to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff.'" Southern Disposal, Inc. v. Texas Waste Mgmt., 161 F.3d 1259, 1262 (10th Cir.1998) (quoting Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). Reviewing these claims under that standard, the court concludes they are sufficiently pled.

Arvest contends the plaintiff's ADA claim is deficient because she has failed to allege "any substantial limitations that substantially limited any major life activities." Defendant's motion to dismiss, p. 6. At this preliminary stage of the litigation the burden on the plaintiff is to plead, not prove, her claim. A plaintiff alleging an ADA claim also is not required, in the Tenth Circuit, to plead the major life activity she asserts was impaired. Poindexter v. Atchison, Topeka and Santa Fe R.R. Co., 168 F.3d 1228, 1232 (10th Cir. 1999) ("A plaintiff

has the option of clarifying his or her position at the pleading stage or waiting until trial to prove with particularity the impairment and major life activity he or she asserts are at issue.").[4] *See generally* E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 852 (6th Cir. 2001) (characterizing as confusing the Tenth Circuit's statement in Poindexter on when a plaintiff must specify the major life activity affected by the impairment). The court concludes a complaint is sufficient if it alleges the impairment claimed to constitute a disability, but fails to specifically identify the major life activity allegedly affected by that impairment. *See* Sheets v. CTS Wireless Components, Inc., 213 F.Supp.2d 1279 (D.N.M. 2002) (so construing Poindexter).[5] The complaint involved here meets that standard.

Arvest acknowledges the plaintiff has adequately pled a retaliation claim under the FMLA. However, the defendant contends the plaintiff's admission that it approved her FMLA leave prevents her from asserting an interference claim, as she cannot establish Arvest denied her substantive FMLA rights.

The FMLA prohibits an employer from interfering with or discriminating against an

---

[4]*This declaration followed the statement "[I]n order to state a claim under the ADA, a plaintiff must articulate with precision the impairment alleged and the major life activity affected by that impairment." Poindexter, 168 F.3d at 1232. The sufficiency of the complaint was not directly at issue in Poindexter and the indicated comments therefore appear to be dicta. However, as the closest expression by the Court of Appeals on the point, the court follows it.*

[5]*The plaintiff will, however, subsequently be required to identify the major life activity she claims is affected by her alleged impairment.*

employee for exercising or attempting to exercise rights provided by the statute.[6] 29 U.S.C. § 2615(a)(1) (interference);[7] § 2615(a)(2) (discrimination).[8]  When an employee alleges interference with (or deprivation of) a substantive right granted by the FMLA,[9] to prevail on her claim she merely must demonstrate by a preponderance of the evidence entitlement of the right; the employer's intent is immaterial.  If, however, she claims the employer discriminated or retaliated against her by taking adverse action against her for having exercised an FMLA right, then, she must demonstrate intentional retaliation to prevail.[10]

The complaint alleges the plaintiff had just returned from two days authorized FMLA

---

[6]*The FMLA requires employers with at least 50 employees to allow their employees up to twelve weeks of annual leave to care for the employee's or a family member's "serious health condition." 29 U.S.C. § 2612(a)(1). The employee is entitled, upon returning from FMLA leave, to be restored to her previous employment position or be given an equivalent position with equivalent pay, benefits and other conditions of employment. 29 U.S.C. § 2614(a)(1).*

[7]*Section 2615(a)(1), which provides the basis for the entitlement or interference theory of recovery under the FMLA provides: "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."*

[8]*Section 2615(a)(2), which provides the basis for the retaliation or discrimination theory of recovery under the FMLA provides "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."*

[9]*The Tenth Circuit has also referred to this as the "entitlement" theory of recovery. Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960-61 (10th Cir. 2002).*

[10]*As noted by one district court, the courts have not been consistent when determining which section of the FMLA applies when the employee alleges she was terminated for taking FMLA-protected leave. Mann v. Mass. Correa Electric, J.V., 2002 WL 88915, at \*5 (S.D.N.Y. Jan. 23, 2002).*

leave and was approved for intermittent FMLA leave when she was terminated.[11] Although a close question, the court concludes this is sufficient to state an interference claim under the FMLA. *See* Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 961 (10th Cir. 2002) ("A plaintiff can prevail under an entitlement theory if she was denied her substantive rights under the FMLA for a reason connected with her FMLA leave. Such a reason need not be retaliation.").[12]

Accordingly, the defendant's partial motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of October, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[11]*It is not clear from the complaint whether Arvest approved the intermittent leave. Compare complaint, ¶¶ 4.8 - 4.9 with ¶ 7.4.*

[12]*The plaintiff in* Diffee Ford-Lincoln-Mercury, Inc. *claimed her employer interfered with her FMLA rights when it terminated her while she was on FMLA leave. The Tenth Circuit upheld the jury verdict in her favor, noting that it had "not explored the entire range of reasons for dismissal that would support recovery under the interference/entitlement theory."* Diffee Ford-Lincoln-Mercury, Inc., *298 F.3d at 961.*